# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | |
| Richard M. Montz, | Case No. 20-50949 (JAM) |
| Debtor. | Chapter 7 |
| CAA SPORTS LLC and CREATIVE ARTISTS AGENCY, LLC, | Adv. Proc. 21-____ (JAM) |
| Plaintiffs v. | |
| RICHARD M. MONTZ, | |
| Defendant. | |

### COMPLAINT TO (A) REVOKE AND DENY DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727 AND 523 AND (B) RECONSIDER ORDER GRANTING DISCHARGE PURSUANT TO FRBP 9024 AND FRCP 60

CAA Sports LLC ("CAA Sports") and Creative Artists Agency, LLC ("CAA LLC" and collectively with CAA Sports, "CAA"), by and through their undersigned counsel, for their complaint against RICHARD M. MONTZ ("Montz"), hereby allege as follows:

### JURISDICTION AND VENUE

1. This Complaint initiates an adversary proceeding as contemplated by Rule 7001(4) of the Federal Rules of Bankruptcy Procedure ("FRBP"). This controversy is a "core proceeding" as the term is defined by 28 U.S.C. § 157(b)(1) and (b)(2)(J).

LEGAL_US_E # 154358811.2

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J) and 1334 in that it arises under 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code") and arises in or relates to the bankruptcy case now pending before this Court, styled: <u>In re Montz,</u> Case No, 20-50949 (JAM).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PROCEDURAL BACKGROUND

4. On November 16, 2020 ("Petition Date"), defendant Richard A. Montz ("Montz" or "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. On or about November 16, 2020 Richard M. Coan was appointed trustee of the Debtor's estate.

6. The Debtor was represented by Attorney Hale C. Sargent during his chapter 7 case. *See* ECF 3, 6.

7. An order granting Montz a discharge was entered on February 17, 2021, ECF 12 (the "Discharge Order.").

## BACKGROUND

8. CAA LLC is a talent agency that represents actors, directors, writers, producers, musical artists, comedians, authors, athletes, coaches, broadcasters, teams, leagues, chefs, designers, fashion talent, consumer brands, and more across film, television, music, sports, digital media, marketing, and beyond.

9. CAA Sports is a division of CAA that focuses on sports.

10. Montz formerly was a tennis agent for CAA Sports.

11. In 2018, Montz asserted claims in arbitration, JAMS Case No. 1220060777 ("Arbitration") against CAA for: retaliation (California Fair Employment and Housing Act ("FEHA") and California Labor Code section 1102.5); marital status and age discrimination (harassment and termination under FEHA); failure to prevent retaliation (FEHA); intentional infliction of emotional distress; defamation; and a host of wage-and-hour claims premised on his alleged misclassification, with parallel public policy and California Business and Professions Code section 17200 claims. Over the course of the Arbitration, Montz abandoned several of his theories of liability. By January 29, 2020, Montz had abandoned all but two theories of liability: defamation and labor code violations due to misclassification.

12. CAA pled cross-claims in the Arbitration for breach of contract, conversion, and violations of the Computer Fraud and Abuse Act and California Penal Code section 502. Specifically, CAA sought to secure the return of its documents that Montz retained in his possession and other relief for Montz's involvement in the breach of CAA's computers and email accounts.

13. During discovery in the Arbitration, Montz produced thirty-five pages of CAA documents as his initial disclosures. CAA determined that other electronic documents were not produced. The Arbitrator, Joel Grossman, ordered Montz to produce CAA documents and relevant text messages (that he had recovered and not disclosed). In

addition, on January 28, 2020, Arbitrator Grossman also sanctioned Montz $10,000 for his discovery abuse and destruction of evidence.

14. The Arbitration was bifurcated, with the first phase of the evidentiary hearing focused on liability ("Phase I") with the issue of potential punitive damages and attorneys' fees left for the second phase. On July 13, 2020, Arbitrator Grossman issued an Interim Award resolving Phase I of the Arbitration. The Interim Award was designated CONFIDENTIAL under the parties Protective Order in the Arbitration. CAA has sought confirmation from the Arbitrator that the Interim Award, itself, may be submitted to this Court; an amended pleading will be submitted once secured. . Relevant here, the Interim Award found against Montz on all of his claims and in favor of CAA on two of its claims. In addition, the Interim Award required Montz was to: (A) identify under oath all electronic devices he has in his possession that have ever stored any information related to CAA or its clients; (B) produce such electronic devices for examination by CAA's expert; (C) provide CAA with a written certification that he has returned all hard copy and electronic versions of all CAA documents; and (D) pay the sum of $7,500 to CAA as damages for his conversion and breach of contract.

15. To date, Montz has not complied with any of the foregoing, including failing to return documents that are not Montz's property but that belong to CAA. Montz commenced this chapter 7 case prior to the start of Phase II of the Arbitration, which was stayed.

16. Based on both Mr. Montz's conduct and the Arbitrator's ruling in Phase I, CAA reasonably believes it has grounds to object to Mr. Montz's discharge in this chapter 7 case. In the interest of reducing costs to CAA, the chapter 7 trustee and Mr. Montz,

CAA's counsel reached out to Mr. Montz's counsel regarding a settlement related to any objection to Mr. Montz's discharge and matters related to the Arbitration.

17. As part of such settlement, CAA would be permitted to enter an agreed upon judgment in the Arbitration that would, among other things, (a) entitle CAA to certain monetary awards (but not collection) related to Phase I and Phase II of the Arbitration and (b) require Mr. Montz to comply with the Interim Award, as described above. These steps include, without limitation, ensuring by Montz the return to CAA, or the destruction, of its property, including certain documents in Montz's or his agents' (including his counsel's) possession produced during the Arbitration.

18. By letter to CAA's counsel dated February 3, 2021, Montz's counsel agreed to a settlement, subject to documentation. A copy of that letter is attached hereto as **Exhibit A**. CAA's counsel drafted a stipulation embodying a settlement but, prior to the parties finalizing the documents, the Discharge Order was entered on February 17, 2021. CAA's counsel has tried to contact Montz's counsel via email to discuss matters related to the agreed upon settlement since the entry of the Discharge Order, but has not received a response.

### FIRST CAUSE OF ACTION - 11 U.S.C. § 727(d)(1) (Revocation of Discharge)

19. Paragraphs 1 through 18 are hereby repeated and realleged as though fully set forth herein.

20. Pursuant to Section 727(e)(1) of the Bankruptcy Code, the deadline to file a complaint seeking revocation of the Debtor's discharge under Section 727(d)(1) of the Bankruptcy

Code is within one year after the discharge is granted. The Debtor received his discharge on February 17, 2021 and this complaint is timely filed within one year thereafter.

21. Based upon information and belief, Montz obtained his discharge by fraud by failing to negotiate the settlement with CAA in good faith and fraudulently inducing CAA to believe that Montz would enter into such a settlement prior to obtaining a discharge. Prior to obtaining the discharge, CAA had no reason to know that Montz would not negotiate a settlement with CAA. By reason of the foregoing, the Plaintiffs are entitled to judgment from the Bankruptcy Court REVOKING THE DISCHARGE of Debtor pursuant to 11 U.S.C. §727(d)(1).

## SECOND CAUSE OF ACTION - 11 U.S.C. § 523(a)(4) (Objection to Discharge)

22. Paragraphs 1 through 21 are hereby repeated and realleged as though fully set forth herein.

23. Pursuant to Section 523(a)(4) of the Bankruptcy Code, a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity.

24. The Interim Award demonstrates that Montz has committed fraud or defalcation against CAA while acting in a fiduciary capacity, including as an agent representing CAA clients. By reason of the foregoing, the Plaintiffs are entitled to judgment from the Bankruptcy Court DENYING THE DISCHARGE of Debtor pursuant to 11 U.S.C. §523(a)(4).

### **THIRD CAUSE OF ACTION - 11 U.S.C. § 523(a)(6) (Objection to Discharge)**

25. Paragraphs 1 through 24 are hereby repeated and realleged as though fully set forth herein.

26. Pursuant to Section 523(a)(6) of the Bankruptcy Code, a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor for willful and malicious injury by the debtor to another entity or the property of another entity.

27. The Interim Award demonstrates that Montz has committed willful or malicious injury against CAA by, among other things, failing to return to CAA documents produced in the Arbitration and other property of CAA which is in Montz's (or his agents' possession). By reason of the foregoing, the Plaintiffs are entitled to judgment from the Bankruptcy Court DENYING THE DISCHARGE of Debtor pursuant to 11 U.S.C. §523(a)(6).

### **FOURTH CAUSE OF ACTION – Amendment of Judgment (Fed. R. Bankr. Rule 9024 and Fed.R.Civ.P. 60(b)(1))**

28. Paragraphs 1 through 27 are hereby repeated and realleged as though fully set forth herein.

29. Rule 9024 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 60 of the Federal Rules of Civil Procedure in cases under the Bankruptcy Code. Rule 60 provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect.

30. Because CAA believed that it and Montz were negotiating a settlement related to the Interim Award, CAA need not have challenged Montz's discharge prior to entry of the Discharge Order. Moreover, amending the Discharge Order will not cause harm to any party, as it will allow for consummation of the settlement to which the parties agreed in principle. By reason of the foregoing, the Plaintiffs are entitled to judgment from the Bankruptcy Court AMENDING THE DISCHARGE ORDER pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60 of the Federal Rules of Civil Procedure.

### FIFTH CAUSE OF ACTION – Amendment of Judgment (Fed. R. Bankr. Rule 9024 and Fed.R.Civ.P. 60(b)(3))

31. Paragraphs 1 through 30 are hereby repeated and realleged as though fully set forth herein.

32. Rule 9024 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 60 of the Federal Rules of Civil Procedure in cases under the Bankruptcy Code. Rule 60 provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party.

33. Although Montz expressed willingness to settle issues related to the Interim Award, Montz has not done so to the detriment of CAA via fraud, misreprsentation or misconduct. By reason of the foregoing, the Plaintiffs are entitled to judgment from the Bankruptcy Court AMENDING THE DISCHARGE ORDER pursuant to Rule 9024 of

the Federal Rules of Bankruptcy Procedure and Rule 60 of the Federal Rules of Civil Procedure.

### SIXTH CAUSE OF ACTION – Amendment of Judgment (Fed. R. Bankr. Rule 9024 and Fed.R.Civ.P. 60(b)(6))

34. Paragraphs 1 through 33 are hereby repeated and realleged as though fully set forth herein.

35. Rule 9024 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 60 of the Federal Rules of Civil Procedure in cases under the Bankruptcy Code. Rule 60 provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for, in addition to the reasons set forth in clauses (1) – (5) of such Rule, (6) any other reason that justifies relief.

36. If the Discharge Order is amended, then CAA and Montz will be allowed to finalize the settlement both parties have agreed to pursue. No party would be harmed thereby, and the interests of justice and fairness would be served. By reason of the foregoing, the Plaintiffs are entitled to judgment from the Bankruptcy Court AMENDING THE DISCHARGE ORDER pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60 of the Federal Rules of Civil Procedure.

> **WHEREFORE,** CAA LLC and CAA Sports respectfully request:
> a. revocation of the Debtor's discharge;
> b. denial of the Debtor's discharge;
> c. amendment or modification of the Discharge Order

    d. the costs of suit; and

    e. for such other and further relief as is just and proper.

CAA SPORTS LLC and CREATIVE ARTISTS AGENCY, LLC,

BY THEIR ATTORNEYS
**CUMMINGS & LOCKWOOD LLC**

By: /s/ John F. Carberry
     John F. Carberry, Esq.
     Six Landmark Square
     Stamford, CT 06901
     Tel: (203) 327-1700
     Fax: (203) 351-4535