**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RICHARD M. MONTZ, | : | CASE NO. 20-50949 (jam) |
| | : | |
| DEBTOR | : | |
| CAA SPORTS LLC and CREATIVE ARTISTS AGENCY, LLC, | : | ADV. PROC. 21-05004 (jam) |
| Plaintiffs, | : | |
| v. | : | MAY 17, 2021 |
| | : | |
| RICHARD M. MONTZ, | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Richard M. Montz, the debtor in the underlying Chapter 7 proceeding and the defendant in this adversary proceeding, by his attorneys, Sargent, Sargent & Jacobs, LLC, as and for his answer to the complaint filed herein on March 3, 2021 (hereinafter, the "Complaint"), alleges as follows:

1. The allegations of Paragraph "1" of the Complaint are admitted.

2. The allegations of Paragraph "2" of the Complaint are admitted.

3. The allegations of Paragraph "3" of the Complaint are admitted.

4. The allegations of Paragraph "4" of the Complaint are admitted.

5. The allegations of Paragraph "5" of the Complaint are admitted.

6. The allegations of Paragraph "6" of the Complaint are admitted.

7. The allegations of Paragraph "7" of the Complaint are admitted.

8. The allegations of Paragraph "8" of the Complaint are admitted, except that, as to the statements "and more" and "and beyond," defendant denies knowledge or

1

information sufficient to form a belief as to the truth thereof and so leaves the plaintiffs to their proof.

9. The allegations of Paragraph "9" of the Complaint are admitted.

10. The allegations of Paragraph "10" are admitted, except that the allegation or inference that defendant is a licensed agent is denied.

11. As to Paragraph "11" of the Complaint, defendant admits that he asserted claims against CAA in the arbitration which included, *inter alia*, the claims recited in said paragraph "11", and further admits that he elected not to pursue some of those claims. Except as thus expressly admitted, the allegations of paragraph "11" are denied.

12. As to paragraph "12" of the Complaint, defendant admits that CAA pled cross-claims in the arbitration proceeding. As to the nature of the cross-claims and relief sought, defendant denies information sufficient to form a belief as to the truth of the allegations therein, and so leaves the plaintiffs to their proof. Defendant denies the allegation that he was involved in a breach of CAA's computers and email accounts.

13. As to paragraph "13" of the Complaint, defendant denies any inference that he produced only thirty-five pages of CAA documents. Defendant admits that he was sanctioned $10,000, but denies that the sanction was issued on grounds of discovery abuse and destruction of evidence. As to the allegation that CAA determined that other electronic documents were not produced, defendant denies knowledge sufficient to form a belief as to any determinations made by CAA, but denies that he failed to produce any documents in his possession or control.

14. As to paragraph "14" of the Complaint, defendant admits that the arbitration was bifurcated into a liability phase and a second phase in which CAA would be permitted

to pursue claims for further damages and for attorney's fees, and defendant further admits that the arbitrator issued a ruling resolving the first phase wherein CAA was awarded damages of $7,500.00. As to the remaining allegations of paragraph "14", defendant lacks knowledge or information sufficient to form a belief as to the truth thereof, and so leaves plaintiffs to their proof.

15. The allegations of paragraph "15" of the Complaint are denied, except that defendant admits that he filed his Chapter 7 petition prior to the start of the second phase of arbitration and that the arbitration was stayed by the filing of the petition.

16. As to paragraph "16" of the Complaint, defendant denies that CAA has reasonable grounds to object to his discharge in his Chapter 7 case. As to the remaining allegations of paragraph "16", settlement negotiations are inadmissible under F.R.E. 408 and are not appropriately alleged in a complaint, and on that basis those allegations are denied.

17. As to paragraph "17' of the complaint, defendant denies any inference or allegation that a settlement was achieved or that the terms alleged were agreed to by defendant. Defendant asserts that any evidence proffered in support of the allegations of paragraph "17" is inadmissible under F.R.E. 408 and the allegations are therefore not appropriately alleged in a complaint, and they are denied on that ground as well.

18. Defendant denies the allegations of paragraph "18" of the Complaint, and further submits that settlement negotiations are inadmissible as evidence under F.R.E. 408 and are not appropriately alleged in a complaint, and on that basis as well denies those allegations. Defendant further denies that the letter referenced in the allegations of

paragraph "18" and attached as Exhibit "A" to the complaint is admissible under F.R.E. 408, which rule of evidence was explicitly cited in the letter.

19. Defendant restates his responses to the allegations of paragraphs "1" through "18" of the Complaint as if fully set forth herein.

20. Defendant admits the allegations of paragraph "20" of the Complaint.

21. Defendant denies the allegations of paragraph "21" of the Complaint to the extent that they assert that he obtained his discharge by fraudulent means. To the extent the allegations of paragraph "21" allege a settlement agreement, defendant denies the allegations, and further submits that such allegations are inadmissible under F.R.E. 408 and are not appropriately asserted in a complaint and denies those allegations on that basis as well.

22. Defendant restates his responses to the allegations of paragraphs "1" through "21" of the complaint as if fully set forth herein.

23. Paragraph "23" of the Complaint is a statement of law and not an allegation of fact, and therefore defendant does not respond to it.

24. Defendant denies the allegations of paragraph"24" of the Complaint.

25. Defendant restates his responses to the allegations of paragraphs "1" through "24" of the complaint as if fully set forth herein.

26. Paragraph "26" of the Complaint is a statement of law and not an allegation of fact, and therefore defendant does not respond to it.

27. Defendant denies the allegations of paragraph"27" of the Complaint.

28. Defendant restates his responses to the allegations of paragraphs "1" through "27" of the Complaint as if fully set forth herein.

29. Paragraph "29" of the Complaint is a statement of law and not an allegation of fact, and therefore defendant does not respond to it.

30. Defendant denies the allegations of paragraph "30" of the Complaint, and further asserts that evidence of settlement negotiations is inadmissible under F.R.E. 408 and allegations of settlement negotiations are not appropriately asserted in a complaint and denies the allegations on that basis as well.

31. Defendant restates his responses to the allegations of paragraphs "1" through "30" of the Complaint as if fully set forth herein.

32. Paragraph "32" of the Complaint is a statement of law and not an allegation of fact, and therefore defendant does not respond to it.

33. Defendant denies the allegations of paragraph "33" of the Complaint, and further asserts that evidence of settlement negotiations is inadmissible under F.R.E. 408 and allegations of settlement negotiations are not appropriately asserted in a complaint, and denies the allegations on that basis as well.

34. Defendant restates his responses to the allegations of paragraphs "1" through "33" of the Complaint as if fully set forth herein.

35. Paragraph "35" of the Complaint is a statement of law and not an allegation of fact, and therefore defendant does not respond to it.

36. Defendant denies the allegations of paragraph "36" of the Complaint, and further asserts that evidence of settlement negotiations is inadmissible under F.R.E. 408 and allegations of settlement negotiations are not appropriately asserted in a complaint, and denies the allegations on that basis as well.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

To the extent the claims asserted in the Complaint are based upon alleged settlement negotiations, evidence of which is inadmissible pursuant to Federal Rule of Evidence 408, those claims are legally insufficient should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs and their counsel were given notice of the pendency of the defendant's Chapter 7 proceeding by the Bankruptcy Court on or before November 23, 2021, which notice was Bankruptcy Official Form "309A", entitled "Notice of Chapter 7 Bankruptcy Case" and included, in Paragraph "9" thereof, in bold-faced type, a warning to creditors that they were subject to a deadline of February 16, 2021, to object to the discharge of their claims and to object to the discharge of the defendant debtor. Plaintiffs failed to timely object either to discharge of their claims or to discharge of the defendant, and therefore the claims asserted in the Complaint are time-barred and should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a ground cognizable at law for revoking the discharge of the defendant debtor in his Chapter 7 proceeding, and the Complaint should therefore be dismissed.

Dated: May 17, 2020
      Westport, Connecticut

                              RICHARD M. MONTZ, Defendant

By   /s/ Hale C. Sargent
     Hale C. Sargent (ct06790)
     Sargent, Sargent & Jacobs, LLC
     His Attorneys
     830 Post Road East, Suite 214
     Westport, CT 06880
     Ph. (203) 226-3331
     Fac. (203) 226-6445
     hsargent@sargentlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2021, service of the foregoing Answer and Affirmative Defenses was accomplished through the Notice of Electronic Filing for parties or counsel who are registered Filers and copies of the foregoing were mailed by first class U.S. mail, postage prepaid, or, where indicated, via email, on parties or counsel that are not registered Filers, as follows:

Holley Claiborn, Esq.                *(Served via email)*
Trial Attorney
Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
Holley.L.Claiborn@usdoj.gov

| | |
|---|---|
| United States Trustee<br>Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT 06510<br>*United States Trustee* | *(Served via ECF Notification)* |
| Richard M. Coan, Esq.<br>Rescia & Shear, LLP<br>5104A Bigelow Commons<br>Enfield, CT 06082<br>*Chapter 7 Trustee* | *(Served via ECF Notification)* |
| John F. Carberry, Esq.<br>Cummings & Lockwood, LLC<br>Six Landmark Square<br>Stamford, CT 06901<br>jcarberry@cl-law.com<br>*Attorney for the Plaintiffs* | *(Served via ECF Notification)* |

/s/ Hale C. Sargent
Hale C. Sargent (ct06790)