**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| Richard M. Montz, | : | Case No: 20-50949 (JAM) |
| Debtor. | : | Chapter 7 |
| CAA SPORTS LLC and CREATIVE ARTISTS AGENCY, LLC, | : | Adversary Pro. No. 21-05004 (JAM) |
| Plaintiffs, | : | |
| v. | : | February 9, 2022 |
| RICHARD M. MONTZ, | : | |
| Defendant. | : | |

**MOTION FOR AUTHORITY TO COMPROMISE AND SETTLE CONTROVERSY WITH CAA SPORTS, LLC AND CREATIVE ARTISTS AGENCY, LLC**

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Debtor Richard M. Montz (the "Debtor"), respectfully moves for authority to compromise and settle the controversy with CAA Sports, LLC ("CAA Sports") and Creative Artists Agency, LLC ("CAA, LLC") (collectively, "CAA" or the "Settling Parties"). The terms and conditions of the parties' settlement (the "Settlement") is set forth in the Settlement Agreement (the "Settlement Agreement") attached hereto as Exhibit "A". In support thereof, the Debtor respectfully represents as follows:

## I. Background

1. CAA, LLC is a talent agency that represents actors, comedians, authors, athletes, coaches, broadcasters, teams, leagues, chefs, designers, fashion talent, consumer brands and more across film, television, music, sports, digital media, marketing and beyond.

2. CAA Sports is a division of CAA, LLC that focuses on sports.

3. The Debtor formerly was a tennis agent for CAA Sports.

4. In an arbitration commenced by the Debtor against CAA, CAA asserted cross-claims to secure the return of its documents that the Debtor had retained and for other relief.

5. In the course of Phase 1 of the arbitration, the arbitrator ordered the Debtor to produce CAA documents and to pay CAA $10,000 in discovery sanctions, and subsequently awarded CAA compensatory damages of $7,500.

6. Phase II of the arbitration was stayed by the filing of this bankruptcy case.

7. CAA believes that the Debtor and/or his agents are or may be in possession or control of hard copies or electronic versions of documents or other materials produced by CAA in the arbitration.

8. On February 17, 2021, this Court entered an order granting the Debtor a discharge.

9. On March 3, 2021, CAA filed the adversary complaint (the "Complaint") herein (a) seeking to revoke the discharge granted to the Debtor pursuant to 11 U.S.C. § 727(d)(1) and deny the Debtor's discharge or reconsider the order granting the discharge; (b) objecting to discharge of CAA's claims under 11 U.S.C. § 523 (a)(4); (c) objecting to discharge of CAA's claims under 11 U.S.C. § 523 (a)(6); (d) amending the discharge order pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60 (b)(1); (e) amending the discharge order pursuant to Fed. R.

Bankr. 9024 and Fed. R. Civ. P. 60 (b)(3); and (f) amending the discharge order pursuant to Fed. R. Bankr. 9024 and Fed. R. Civ. P. 60 (b)(6).

10. The Debtor has asserted defenses to this action, including that this adversary proceeding was not timely commenced.

## II. <u>Summary of the Terms and Conditions of the Settlement</u>

11. After extensive negotiations, the Debtor and CAA have agreed, subject to this Court's approval, to compromise and settle the Complaint and CAA's claims against the Debtor pursuant to the terms of the Settlement Agreement. If approved by the Court, this compromise would resolve all outstanding disputes between the Debtor and CAA related to the Complaint. By way of summary only, the material terms and conditions of the Settlement are as follows:

(i) The automatic stay of 11 U.S.C. § 362(a) may be lifted for the limited purpose of effectuating the terms of the Settlement Agreement, as set forth below.

(ii) The Settlement Agreement includes a Stipulation and Agreed Order which will constitute an order and final judgment against Montz in favor of CAA as follows:

(a) Awarding all amounts specified in the Arbitration Interim Award, issued on July 13, 2020 (attached to Exhibit A)

(b) Finding that interest on the $10,000 sanction award is due pursuant to California Code of Civil Procedure sections 685.010 and 685.020, and awarding an additional $1,054.78 as interest due.

(c) Finding that CAA is the prevailing party under California Code of Civil Procedure section 1032 and awarding CAA litigation costs and fees in the amount of $200,000.

(iii) Contemporaneously with the execution of the Stipulation, Montz shall amend his Schedule E/F: Creditors Who Have Unsecured Claims in the Bankruptcy Action to reflect the amounts fixed and agreed upon herein.

(iv) The Order Granting Discharge of the Debtor shall be re-entered and confirmed and Montz shall be discharged from all dischargeable claims, including *inter alia*, all claims, as fixed and determined herein, of CAA Sports, LLC and Creative Artists Associates, LLC.

(v) CAA waives and relinquishes any right it may have to hereafter challenge the discharge of its claims against Montz or to challenge Montz's discharge.

(vi) Count I of the Complaint, asserting a cause of action under Section 727(d)(1) of the Bankruptcy Code, shall be withdrawn with prejudice. The remainder of the Complaint and this Adversary Proceeding shall be dismissed with prejudice.

(vii) Montz (a) represents to this Court that he has no CAA Documents in his possession in any format and (b) will not give, show, or make available or communicate to any person or entity, or use in any manner, any information contained in and knowingly obtained from any CAA Document without the written or electronic consent of CAA's counsel in this action. Nothing in the Settlement Agreement, including paragraphs 4, 5 or 6 hereof, or the Order Granting Discharge of Debtor, shall deprive CAA of its rights to seek sanctions or damages, or to proceed with Phase II of the Arbitration, if Montz violates this agreement.

(viii) Montz's undersigned counsel agrees: (a) to keep all CAA Documents strictly confidential; and (b) that none of the CAA Documents, nor any information contained therein, shall be given, shown, made available or communicated to any person (including Montz) or entity, or used in any manner, without the written or electronic consent of CAA's counsel in

this action. In the event of any unauthorized disclosure or use of CAA Documents: (i) the party making such unauthorized disclosure or use shall, immediately upon learning thereof, promptly notify each person or entity to whom such disclosure was made that the disclosure contains confidential material subject to the Settlement Agreement; (ii) promptly notify CAA or its counsel of the identity of each such person or entity to whom such disclosure was made; (iii) promptly use their best efforts to recover any CAA Documents given to such person or entity and notify CAA's counsel in this action of such efforts; and (iv) take all steps necessary to ensure against further disclosure or use of any CAA Documents or information contained therein. Nothing in the Settlement Agreement shall deprive CAA of its rights to seek sanctions or damages for any violation of this agreement.

## III. Jurisdiction and Venue

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 18 U.S.C. § 157(b). Federal Rule of Bankruptcy Procedure 9019(a) provides the basis for the relief sought herein.

## IV. Relief Requested

13. The Debtor respectfully submits that this court should authorize him to enter into the Settlement because the Settlement is fair and equitable and in the best interests of the Debtor, and its estate.

14. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The approval of a proposed settlement is within the sound discretion of the bankruptcy court, and courts will approve those settlements where it finds the

proposed settlement to be in the "best interests of the estate." *See Motorola, Inc. v. Official Comm .of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461-65, n. 13 (2d Cir. 2007 ("*Iridium*"); *Liu v. Silverman (In re Liu)*, No. 98-5027, 1998 U.S. App. LEXIS 31698, at *2 (2d Cir. Dec 18, 1998), *quoting* 10 Collier on Bankruptcy ¶ 9019.02 (15th ed. 1998) ("The court should [approve a settlement] where the proposed settlement is 'both 'fair and equitable' and in the best interests of the estate).

15. In making the best interests finding, a bankruptcy court reviews the merits of the settlement according to the seven-factor test announced in *Iridium*. These factors are:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and [t]he experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining.

*Iridium*, 478 F. 3d at 462 (citations and quotation marks omitted).

16. In evaluating a Rule 9019 motion, a court will not decide the numerous questions of law or fact raised by litigation, but will instead canvass the foregoing factors to see whether the settlement falls below the lowest point in the "range of reasonableness." *In re W.T. Grant and Co.,* 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied* 464 U.S. 228 (1983); *see also In re Fairfield Lumber & Supply Co.*, 214 B.R. 441, 443, (Bankr. D. Conn. 1997), *citing In re W.T. Grant and Co.* ("The ultimate issued in [evaluating a proposed settlement] is whether the proposed settlement falls below the lowest point in a range of reasonable settlements").

17. The Settlement for which approval is sought hereby is in the best interests of the Debtor. Should the Settlement not be approved the Debtor will have to defend this action, which could result in the revocation of his discharge, exposing him to liability for CAA's claims and those of his other creditors. The Settlement leaves the Debtor's discharge intact while protecting CAA's interests pursued herein.

18. Pursuant to Local R. Bankr. P. 9019-1(a)(3) no releases are granted to any party pursuant to the Settlement.

19. Pursuant to Local R. Bankr. P. 9019-1(b)(2), no consideration has been paid or has been agreed to be paid in connection with the Settlement.

WHEREFORE, the Debtor respectfully requests that the Court enter the annexed proposed order authorizing the Debtor to enter into the compromise and settlement reached with CAA on the terms and conditions set forth in the Settlement Agreement, and grant such other and further relief as it deems just and proper.

Date: February 9, 2022

CAA SPORTS LLC and CREATIVE,
THE DEBTOR,
RICHARD M. MONTZ

By ______________________

Hale C. Sargent
Sargent, Sargent & Jacobs LLC
830 Post Road East, Suite 214
Westport, CT 06880
Tel.: (203) 226-3331
E-mail: hsargent@sargentlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2022, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first class mail to all creditors, as set forth on the annexed service list. Parties may access this filing through the Court's CM/ECF System.

By: ______________________
Hale C. Sargent

Holley Claiborn, Esq. *(Served via email)*
Trial Attorney
Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
Holley.L.Claiborn@usdoj.gov

United States Trustee *(Served via ECF Notification)*
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
*United States Trustee*

Richard M. Coan, Esq. *(Served via ECF Notification)*
Rescia & Shear, LLP
5104A Bigelow Commons
Enfield, CT 06082
*Chapter 7 Trustee*

John F. Carberry, Esq. *(Served via ECF Notification)*
Cummings & Lockwood, LLC
Six Landmark Square
Stamford, CT 06901
jcarberry@cl-law.com
*Attorney for the Plaintiffs, CAA Sports, LLC and Creative Arts Agency, LLC*

Andrew V. Tenzer, Esq. *(Served via ECF Notification)*
Paul Hastings, LLP
200 Park Avenue
New York, NY 10166
andrewtenzer@paulhastings.com
*Attorney for the Plaintiffs, CAA Sports, LLC and Creative Arts Agency, LLC*

Elena Baca, Esq. *(Served via First Class Mail)*
Paul Hastings, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Amex
Correspondence Bankruptcy
PO Box 981540
El Paso, TX 79998

*(Served via First Class Mail)*

Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850

*(Served via First Class Mail)*

Discover Financial
Attn: Bankruptcy
PO Box 3025
New Albany, OH 43054

*(Served via First Class Mail)*

Internal Revenue Service
915 Lafayette Boulevard
Bridgeport, CT 06604

*(Served via First Class Mail)*

Alice Palestrini
c/o John Patrick C. O'Brien
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06601

*(Served via First Class Mail)*