**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF CONNECTICUT**

**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RICHARD M. MONTZ, | : | CASE NO. 20-50949 (jam) |
| | : | |
| DEBTOR | : | |
| _____ | : | |
| CAA SPORTS LLC and CREATIVE ARTISTS | : | |
| AGENCY, LLC, | : | ADV. PROC. 21-05004 (jam) |
| | : | |
| Plaintiffs, | : | |
| v. | : | February 4, 2022 |
| | : | |
| RICHARD M. MONTZ, | : | |
| _____ Defendant. | : | |

**STIPULATION AND AGREED ORDER REGARDING COMPLAINT OF CAA
SPORTS LLC AND CREATIVE ARTISTS AGENCY, LLC TO (A) REVOKE AND DENY
DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727 AND 523 OR
(B) RECONSIDER ORDER GRANTING DISCHARGE PURSUANT TO FRCP 60; AND
(C) DISMISS ADVERSARY PROCEEDING**

CAA Sports LLC and Creative Artists Agency, LLC (collectively, "CAA"), Richard M. Montz ("Montz"), the debtor in the above-captioned case under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code"), and, solely as to Paragraph 8, the law firms of Sargent, Sargent & Jacobs LLC and Nassiri & Jung LLP (such law firms, collectively with CAA and Montz, the "Parties"), hereby enter into this Stipulation and Agreed Order (this "Stipulation and Agreed Order") as follows:

WHEREAS, on November 9, 2018, Montz asserted claims in arbitration, JAMS Case No. 1220060777 ("Arbitration") against CAA for: retaliation (California Fair Employment and Housing Act ("FEHA") and California Labor Code section 1102.5); marital status and age discrimination (harassment and termination under FEHA); failure to prevent retaliation (FEHA); intentional infliction of emotional distress; defamation; and wage-and-hour claims premised on his alleged misclassification, with parallel public policy and California Business and Professions Code section 17200 claims.

WHEREAS, in the Arbitration, CAA pled cross-claims for breach of contract, conversion, and violations of the Computer Fraud and Abuse Act and California Penal Code section 502.

WHEREAS, the Arbitrator, Joel Grossman, ordered Montz to produce CAA documents and also ordered Montz to pay CAA $10,000 in discovery sanctions.

WHEREAS, on January 29, 2020, in the Arbitration, Montz abandoned various theories of liability, leaving claims for defamation and labor code violations due to misclassification.

WHEREAS, the Arbitration was bifurcated with the first phase of the evidentiary hearing focused on liability ("Phase I") with the issue of potential punitive damages and attorneys' fees left for the second phase ("Phase II");

WHEREAS, on July 13, 2020, Arbitrator Grossman issued an Interim Award in the Arbitration resolving Phase I of the Arbitration, in which CAA was awarded compensatory damages of $7,500.00 (attached hereto as Exhibit A);

2

WHEREAS, on August 26, 2020, and again on September 21, 2020, Montz certified, under penalty of perjury, that he had no electronic devices in his possession that stored information relating to CAA or its clients; that he had returned to CAA all hard copies and electronic versions of CAA documents in his possession, either directly or through counsel;

WHEREAS, CAA asserts that Montz and/or his current or former counsel including, without limitation, his undersigned counsel in his Chapter 7 case and in the Arbitration, are or may be in possession or control of hard copies or electronic versions of documents or other materials produced by CAA in the Arbitration that have not been returned to CAA (collectively, the "CAA Documents");

WHEREAS, prior to the start of Phase II (November 23 and 24, 2020), Montz filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court in Connecticut ("Bankruptcy Action").

WHEREAS, as a result of the Bankruptcy Action and the automatic stay of 11 U.S.C. § 362(a), the Arbitration was stayed, and, on November 17, 2020, the Arbitrator issued an order acknowledging the stay.  As a result, Phase II of the Arbitration did not proceed as scheduled, and remains stayed as of the present date.

WHEREAS, on February 17, 2021, this Court entered an order granting Montz a discharge in the above-captioned case [Docket No. 12] (the "Discharge Order");

WHEREAS, CAA commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by complaint seeking, among other things, to (a) revoke the discharge granted to Montz pursuant to Section 727(d)(1) of the Bankruptcy Code on the grounds, among other things, that Montz did not negotiate a settlement of issues raised by the Discharge Order in good faith, and (b) deny Montz's discharge or reconsider the Discharge Order (the "Complaint");

WHEREAS, Montz filed an Answer denying the claims asserted in the Complaint and asserting affirmative defenses, including, but not limited to, the defense that the adversary

3

proceeding is time-barred under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure;

WHEREAS, CAA believes that it has legitimate and good faith arguments to challenge the discharge of its claims in the Bankruptcy Action.

WHEREAS, good cause exists for granting this proposed Stipulation and Agreed Order, to wit:  to allow the parties to stipulate to the nature and amount of CAA's claims in exchange for CAA waiving its right to seek to revoke or object to Montz's discharge pursuant to Sections 523 and 727 of the Bankruptcy Code, will promote judicial economy, facilitate settlement, reduce potential costs incurred by the parties, and will not result in prejudice.

NOW, THEREFORE, CAA, Montz, and, solely with respect to Paragraph 8 below, the undersigned counsel of Montz, agree and stipulate as follows:

1. The automatic stay of 11 U.S.C. § 362(a) may be lifted for the limited purpose of effectuating the terms of the Stipulation and Agreed Order between the parties, as set forth below.

2. This Stipulation and Agreed Order constitutes an order and final judgment against Montz in favor of CAA as follows:

       (a)   Awarding all amounts specified in the Arbitration Interim Award, issued on July 13, 2020 (attached hereto as Exhibit A).

       (b)   Finding that interest on the $10,000 sanction award is due pursuant to California Code of Civil Procedure sections 685.010 and 685.020, and awarding an additional $1,054.78 as interest due.

       (c)   Finding the CAA is the prevailing party under California Code of Civil Procedure section 1032 and awarding CAA litigation costs and fees in the amount of $200,000.

3. Contemporaneously with the execution of this Stipulation, Montz shall amend his Schedule E/F: Creditors Who Have Unsecured Claims in the Bankruptcy Action to reflect the amounts fixed and agreed upon herein.

4. The Order Granting Discharge of the Debtor is hereby re-entered and confirmed and Montz shall be and hereby is discharged from all dischargeable claims, including, *inter alia,* all claims, as fixed and determined herein, of CAA Sports, LLC and Creative Artists Associates, LLC.

5. CAA waives and relinquishes any right it may have to hereafter challenge the discharge of its claims against Montz or to challenge Montz's discharge.

6. Count I of the Complaint, asserting a cause of action under Section 727(d)(1) of the Bankruptcy Code, is withdrawn with prejudice. The remainder of the Complaint and this Adversary Proceeding are dismissed with prejudice.

7. Montz (a) represents to this Court that he has no CAA Documents in his possession in any format and (b) will not give, show, or make available or communicate to any person or entity, or use in any manner, any information contained in and knowingly obtained from and CAA Document without the written or electronic consent of CAA's counsel in this action. Nothing in this Stipulation and Agreed Order, including paragraphs 4, 5 or 6 hereof, or the Order Granting Discharge of Debtor, shall deprive CAA of its rights to seek sanctions or damages, or to proceed with Phase II of the Arbitration, if Montz violates this paragraph,.

8. Montz's undersigned counsel agrees: (a) to keep all CAA Documents strictly confidential; and (b) that none of the CAA Documents, nor any information contained therein, shall be given, shown, made available or communicated to any person (including Montz) or entity, or used in any manner, without the written or electronic consent of CAA's counsel in this action. In the event of any unauthorized disclosure or use of CAA Documents: (i) the party making such unauthorized disclosure or use shall, immediately upon learning thereof, promptly notify

each person or entity to whom such disclosure was made that the disclosure contains

confidential material subject to this Stipulation and Agreed Order; (ii) promptly notify CAA

or its counsel of the identity of each such person or entity to whom such disclosure was made;

(iii) promptly use their best efforts to recover any CAA Documents given to such person or

entity and notify CAA's counsel in this action of such efforts; and (iv) take all steps necessary

to ensure against further disclosure or use of any CAA Documents or information contained

therein.  Nothing in this Stipulation and Agreed Order shall deprive CAA of its rights to seek

sanctions or damages for any violation of this paragraph.

**IT IS SO ORDERED** at Bridgeport, Connecticut this 8th day of March, 2022.

*Julie A. Manning*
*United States Bankruptcy Judge*
*District of Connecticut*

STIPULATED AND AGREED THIS 31st DAY OF JANUARY,

2022 PAUL HASTINGS LLP

By *Andrew V. Tenzer* by JFC with permission
Andrew V. Tenzer (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
(212) 318-6000
(212) 319-4090 (fax)
andrewtenzer@paulhastings.com

*(Attorney for CAA Sports LLC and Creative Artists Agency, LLC)*

SARGENT, SARGENT & JACOBS LLC

By
Hale C. Sargent
830 Post Road East, Suite 214
Westport, CT 06880

6

(203) 226-3331
(203) 226-6445 (fax)
hsargent@sargentlaw.com

*(As Attorney for Richard M. Montz and for Itself with respect to Paragraph 8)*

NASSIRI & JUNG LLP

By _____

Charles H. Jung
1700 Montgomery Street, Suite 207
San Francisco, CA 94111
(415) 762-3100
charles@njfirm.com

*(Solely with respect to Paragraph 8)*

7